IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH BARFIELD<br>    Plaintiff,<br><br>V.<br><br>PLANO HOUSING AUTHORITY;<br>HELEN MACEY, in her official capacity as<br>Executive Director; BRENDA McDONALD<br>in her official capacity as Director of<br>Resident & Real Estate Services; and<br>WENDY ABEL, in her official capacity as<br>Compliance/Hearing Officer,<br>    Defendants. | § § § § § § § § § § § § § § | CASE NO. 4-11-cv-00206 |

**MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion for Partial Dismissal of Plaintiff's Claims (Dkt. 9) and Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion to Strike and Objections to Plaintiff's Response to Motion for Partial Dismissal of Plaintiff's Claims (Dkt. 21).

**Factual Background**

Plaintiff alleges that he is a low income and disabled individual who is eligible to participate in the Section 8 Housing Choice Voucher Program administered by Defendants. Plaintiff alleges that after being notified by the Plano Housing Authority that it was attempting to pre-qualify him for

1

a four-bedroom house, he was later told that he was not eligible for Section 8 housing because he had an unfavorable credit history and an unfavorable criminal background history. In Plaintiff's Original Complaint, he brings claims for violation of his due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and alleges violations of 42 U.S.C. § 1437d(k), 24 C.F.R. § 5.903(f), 24 C.F.R. § 982.552(c)(2), 24 C.F.R. § 982.553(a)(2)(ii), 24 C.F.R. § 982.554(a), 24 C.F.R. § 982.554(B), 42 U.S.C. § 1437f, 24 C.F.R. § 982.202(d), Title II of the Americans with Disabilities Action, 42 U.S.C. §§ 12101, et. seq., and the Federal Fair Housing Amendments Act, 42 U.S.C. §§3601, et. seq. The facts underlying Plaintiff's complaint date back to June 2008. His suit was not filed until April 2011.

Defendants now seek a partial dismissal of Plaintiff's claims based on the statute of limitations. Plaintiff has filed a response in opposition, attaching several pieces of correspondence from Defendant Plano Housing Authority (PHA). Defendants have responded, asking the Court to disregard such extrinsic evidence. The Court first turns to the motion to strike.

## MOTION TO STRIKE

In their motion to strike, Defendants object to the Court's consideration of any extrinsic evidence attached to Plaintiff's response to the motion to dismiss. In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings ..." *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted). Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Id*. A district court may consider documents attached to a motion to dismiss if the documents are referred to in the

plaintiff's complaint and are central to the plaintiff's claims. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

Plaintiff has attached (1) a July 18, 2008 letter from PHA; (2) an August 25, 2008 letter from PHA; (3) a September 18, 2008 PHA; (4) a December 16, 2008 letter from PHA; (5) a June 16, 2009 letter from PHA; (6) a September 14, 2009 Notice from PHA; and (7) a September 30, 2009 Notice from PHA.

Each of these letters/notices is specifically referenced in Plaintiff's Original Complaint. *See* Dkt. 1 at ¶¶ 20, 22, 24, 25, 29, 31 and 33. And, the correspondence with the PHA is central to Plaintiff's claims here. Therefore Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion to Strike and Objections to Plaintiff's Response to Motion for Partial Dismissal of Plaintiff's Claims (Dkt. 21) is DENIED and the Court will consider the response in its entirety when evaluating the motion to dismiss.

### MOTION TO DISMISS

In their motion to dismiss, Defendants argue that Plaintiff's 2008 claims are barred by the statute of limitations. Although claims under Section 1983 are federal in nature, the length of the statute of limitations is determine by the law of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed.2d 973 (2007). Specifically, in Section 1983 claims, the length of the statute of limitations is determined by the state's statute of limitations for personal-injury torts. *Id.*; *see also Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008).

3

In Texas, a personal injury claim must be brought "not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003. Therefore – and it appears undisputed among the parties – the applicable length of the statute of limitations here is two years.

What is disputed is when Plaintiff's claims against Defendants *accrued*. In *Wallace v. Kato*, the United States Supreme Court held that, while the length of the statute of limitations is determined by state law, the accrual date of for a cause of action under Section 1983 is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). Under federal law, a cause of action accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Russell v. Board of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). In evaluating the plaintiff's awareness, the court looks at two elements: (1) the existence of the injury; and (2) causation, or the connection between the injury and the defendant's actions. *Id.* "When a defendant controls the facts surrounding causation such that a reasonable person could not obtain the information even with a diligent investigation, a cause of action accrues, but the statute of limitations is tolled." *Id.* at 517 (citing *United States v. Kubrik*, 444 U.S. 111, 122, 100 S. Ct. 352, 359, 62 L. Ed.2d 259 (1979) (tolling limitations period where "the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain.")). *See also Piotrowski v. City of Houston*, 237 F.3d 567, 577 n.13 (5th Cir. 2001) ("In cases where fraudulent concealment is involved, the statute of limitations does not begin to run until the relevant facts, which are in control of the defendant, become known to the plaintiff"); *Freeze v.*

4

*Griffith*, 849 F.2d 172, 175 (5th Cir. 1988) ("A state statute of limitations imposed in a § 1983 action does not run until the plaintiff is in possession of the 'critical facts' that he has been hurt and the defendant is involved"). "Limitations, if not tolled, generally continues to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (citing *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987)).

According to Plaintiff's complaint, he was originally notified on or about September 18, 2008 and then again on or about December 16, 2008 that he was not eligible for Section 8 housing. On December 18, 2008, Plaintiff requested a review and grievance hearing of the Housing Authority's determination with the housing authority. After apparently submitting supplemental information about some of the criminal charges against him, Plaintiff was then notified on June 16, 2009 that his application was not approved because his credit report and background check did not meet the screening criteria. Plaintiff again requested review and grievance hearing with the Housing Authority. On September 14, 2009, Plaintiff was again notified that because of his current criminal record he did not meet the housing authority's screening criteria. After another criminal charge against him was dismissed, Plaintiff was again notified, by letter dated September 30, 2009 of the Housing Authority's Notice of Final Decision that the housing authority would defer decision of acceptance of Section 8 assistance until the open criminal cases against him were disposed. Ultimately, after additional disposition of criminal matters and Plaintiff's complaints to the U.S. Department of Housing and Urban Development, Plaintiff was issued a housing voucher in December 2010.

Defendants argue that Plaintiff's 2008 claims accrued no later than December 18, 2008 – the latest date upon which when he could have received PHA's December 16, 2008 notice of his ineligibility for housing assistance – and therefore his claims should have been raised no later than December 18, 2010. Plaintiff argues in response that his claims did not accrue until, at the earliest, September 14, 2009 – the date the housing authority issued the first of two notices of final review.

Thus, the Court turns to whether the December 16, 2008 letter from PHA made Plaintiff aware that he had suffered an injury such that his injury accrued and limitations was triggered. The Court finds that, on its face, the letter does not make a final finding of ineligibility such that Plaintiff should have known of an injury. It informs Plaintiff: "If you do not agree with this determination, you may request an informal hearing within ten (10) days of the date of this letter." Dkt. 12-1 at PageID # 82. Such language makes the decision of eligibility anything but final; indeed, Plaintiff's complaint states that he requested such an informal hearing and the back and forth with PHA continued. Dkt. 1 at ¶¶ 25-26. Based on these facts, the Court declines to find that Plaintiff should have known of an injury upon receipt of a letter with such language.

In fact, based on the factual allegations in Plaintiff's Original Complaint and the various notices from PHA attached to Plaintiff's response, that Court finds that it was not until September 2009 that PHA's correspondence to Plaintiff indicates that the finding of ineligibility was final. Such is the first correspondence which provides Plaintiff with no further recourse for administrative appeal within the PHA. Therefore, Plaintiff has stated facts to show that his claims did not accrue until September 2009 and his claims here are not time barred.

The Court DENIES Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion to Strike and Objections to Plaintiff's Response to Motion for Partial Dismissal of Plaintiff's Claims (Dkt. 21) and finds that Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion for Partial Dismissal of Plaintiff's Claims (Dkt. 9) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge regarding the motion to dismiss. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE