IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH BARFIELD<br>    Plaintiff, | § § § | |
| V. | § § | CASE NO. 4-11-cv-00206 |
| PLANO HOUSING AUTHORITY;<br>HELEN MACEY, in her official capacity as<br>Executive Director; BRENDA McDONALD<br>in her official capacity as Director of<br>Resident & Real Estate Services; and<br>WENDY ABEL, in her official capacity as<br>Compliance/Hearing Officer,<br>    Defendants. | § § § § § § § § § | |

MEMORANDUM OPINION AND ORDER AND
REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Plaintiff's Motion to Dismiss Defendant Plano Housing Authority's Original Counterclaim (Dkt. 36) and Plano Housing Authority, Helen Macey, Brenda McDonald & Wendy Abel's Motion to Strike Plaintiff's Evidence in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. 49). As set forth below, the Court GRANTS the motion to strike (Dkt. 49) and finds that the motion to dismiss (Dkt. 36) should be GRANTED in part and DENIED in part.

BACKGROUND

Plaintiff filed this suit on April 15, 2011, alleging various civil rights and other statutory violations in connection with his application for a Section 8 Housing Choice Voucher or other public housing assistance from the Plano Housing Authority. On December 15, 2011, Defendant filed its

Original Counterclaim (*see* Dkt. 31). In its counterclaim, Defendant alleges that Plaintiff committed fraud under both 24 C.F.R. § 792.103 and Texas common law by failing to disclose prior criminal conduct, prior evictions, and prior residency in his various applications with the Housing Authority and by continuing to accept Section 8 Housing Choice Voucher payments without reporting an alleged change in income. The counterclaim also alleges that Plaintiff breached the Family Obligation agreement with the Housing Authority by failing to report the alleged change in income.

In his motion to dismiss, Plaintiff argues that the Court should dismiss Defendant's Original Counterclaim for failure to state a claim because it fails to allege that Plaintiff omitted, concealed, or failed to disclose any material facts that Defendant actually relied upon in approving Plaintiff's Housing Choice Voucher. All Defendants oppose dismissal of the counterclaim and have also filed a motion to strike regarding Plaintiff's motion.[1]

## MOTION TO STRIKE

In their motion to strike, Defendants object to the Court's consideration of any extrinsic evidence relied upon by Plaintiff in his motion. As the Court has already noted in this case, *see* Dkt. 67, in deciding whether to grant a motion to dismiss, the district court must not go outside the documents attached to a motion to dismiss if the documents are referred to in the underlying pleading and are central to the underlying claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

---

[1]Because it has no effect on the Court's findings here, the Court does not address whether Defendants other than PHA have standing to oppose the dismissal of the counterclaim.

Here, Plaintiff's motion to dismiss references certain documents for the Court's consideration should the Court wish to convert his motion to a motion for summary judgment. The Court has not provided the parties notice of such a conversion. *See* FED. R. CIV. P. 12(d). Therefore, the Court is not convinced that Defendant's motion to strike was necessary. Nonetheless, to the extent such a motion was warranted in this case, it (Dkt. 49) is GRANTED and the Court's consideration of extrinsic evidence when reviewing Plaintiff's motion to dismiss has been limited to those documents attached to or referenced by Defendant's counterclaim.

With the scope of its review clarified, the Court next turns to the motion to dismiss.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the complaint and view them in the light most favorable to the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a claimant must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a claimant must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In PHA's Original Counterclaim, it asserts the following causes of action against Plaintiff Barfield: (1) Barfield committed fraud and abuse in obtaining Section 8 program funds in violation of 24 C.F.R. § 792.103; (2) Barfield committed fraud against PHA under Texas law; and (3) Barfield breached the family obligation agreement with PHA under Texas law. *See* Dkt. 31. The Court will address each claim separately to see whether Defendant has adequately stated a claim sufficient to survive the motion to dismiss.

**Fraud and Abuse under 24 C.F.R. § 792.103**

The regulations pertaining to Section 8 Housing define fraud and abuse as "a single act or pattern of actions: (1) [t]hat constitutes false statement, omission, or concealment of a substantive fact, made with intent to deceive or mislead; and (2) [t]hat results in payment of section 8 program funds in violation of section 8 program requirements." 24 C.F.R. § 792.103.

Defendant alleges that Plaintiff misrepresented his criminal history in various applications to the Housing Authority. Defendant lists and attaches to its counterclaim evidence of various arrests, criminal charges and convictions of Plaintiff from 1988 to 2009.[2] Defendant further attaches Plaintiff's applications with the Housing Authority. Defendant asserts that Plaintiff engaged in fraud and abuse by stating that he had never been convicted of a felony in his April 2007 application, by responding "NA" in his August 2008 application when asked whether any household member had been arrested, charged, or convicted for violent criminal activity or alcohol or drug-related activity, and by indicating that any charges of "violent criminal activity" were "still in process in court" in his June 2009 application, when his criminal record indicates to the contrary.

Defendant also claims that Plaintiff failed to inform the Housing Authority of his summer 2008 eviction and his June 2009 eviction in the Rental History portion of his June 2009 application which asks if he had ever been evicted but to which Plaintiff provided no response. Defendant alleges that Plaintiff concealed or misrepresented his criminal and rental history with the intent to deceive and mislead the Housing Authority resulting in the expenditure of $7,954 in payments of Section 8 Housing Choice Voucher funds.

The Court finds that, as to Plaintiff's criminal and rental history, Defendant has stated facts to support a claim of fraud and abuse under the regulations. Whether Plaintiff intended to mislead or whether Defendant's application questions were intended to be limited to the time periods outlined in the Housing Authority's Administrative Plan is a matter for summary judgment or trial.

---

[2]Plaintiff asks the Court to ignore any factual allegation about his criminal history prior to 2005. Just as the Court has declined Defendants' request to ignore Plaintiff's "2008 claims," the Court declines to ignore Defendant's pre-2005 factual allegations at this phase in the proceedings. What is good for the goose is good for the gander.

Defendant also claims that Plaintiff failed to inform the Housing Authority that he moved outside of Plano to Garland in the summer of 2008 before returning to Plano to rent a home in December 2008. In its response to the motion to dismiss, Defendant alleges that, had Plaintiff reported this brief move, he would have lost preference points and his position on the Housing Choice Voucher waiting list. In one of the applications attached to the Counterclaim, Plaintiff has checked the following statement as applicable to him "I am a resident of the City of Plano, Texas," indicating "I UNDERSTAND THAT THESE PREFERENCES DETERMINE MY PLACEMENT ON THE PLANO HOUSING AUTHORITY WAITING LIST." Dkt. 31-4 at 3. That document was signed by Plaintiff on April 30, 2007. No facts are alleged that would show such a statement was false when it was made. Indeed, Plaintiff's August 4, 2008 application indicates a Plano residence but also indicates that he was evicted or asked to move out of his Plano residence on August 1, 2008. *See* Dkt. 31-5 at 8. The facts alleged and documents before the Court do not sufficiently allege a false fact or concealment of any fact regarding Plaintiff's residence. Even if such a change may have affected his preference on the list, Defendant has not alleged any facts that would show that Plaintiff was obligated to report an approximate 6-month change in residence. Such facts are simply not enough to sustain a claim for fraud or abuse based on the record before the Court. Therefore, it should be dismissed.

Finally, Defendant alleges that, after he started to receive Housing Choice Vouchers, Plaintiff failed to report certain changes in income and that he received an overpayment of voucher funds based on the failure to report. The Court finds that such facts are sufficient to allege a false statement, omission, or concealment of a substantive fact. The Court notes that there is much

dispute between the parties regarding whether Plaintiff's change in social security income payments constituted a reportable change in income under the Housing Administration's Administrative Plan and the various Family Obligations signed by Plaintiff. The Court finds that such issues – as well as whether Plaintiff intended to deceive or mislead the Housing Authority in his failure to report it– are matters better reserved for summary judgment or trial. Defendant has sufficiently stated a claim of fraud and abuse to survive the motion to dismiss.

**Common Law Fraud**

To state a claim for fraud under Texas law, a party must allege: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). Common law fraud may also occur when (1) a party conceals or fails to disclose a material fact within the knowledge of that party; (2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact, and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento*, 48 S.W.3d 749, 754-755 (Tex. 2001). Importantly, a failure to disclose information does not constitute common law fraud unless there is a duty to disclose the information. *Id.* at 755.

As set forth above and having reviewed the Counterclaim, the Court finds that Defendant has stated enough facts as to Plaintiff's representations regarding his criminal and rental history to state a common law claim of fraud in Texas. As to Plaintiff's failure to report a change in income, the Court again finds that Defendant has sufficiently stated facts to sustain a common law fraud claim. Although there is dispute as to whether Plaintiff was obligated to report such a change, such a dispute is better resolved at the summary judgment or trial phase. Thus, as with statutory fraud, the motion to dismiss the common law fraud counterclaim should be denied with the exception of any claims based on Plaintiff's alleged failure to report a change in residence.

**Breach of the Family Obligation Agreement**

Plaintiff's motion to dismiss is silent as to the final claim regarding his purported breach of his agreement with PHA. Nonetheless, to the extent Plaintiff requests dismissal of this claim, the Court finds that Defendant has sufficiently stated a counterclaim for breach of contract. *See SLT Dealer Group, Ltd. v. AmeriCredit Financial Services, Inc.*, 336 S.W.3d 822, 828 (Tex. App.– Houston [1st Dist.] 2011, no pet.) (claim for breach of contract must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach). Here, Defendant claims that Plaintiff breached the Family Obligation Agreement by failing to report the changed social security payments within 10 days, resulting in overpayment of the voucher. Again, as noted above, whether Plaintiff's change in SSI payments constituted a change in income under the parties' agreement is a matter best resolved at the summary judgment or trial phase of this case.

Plaintiff's Motion to Dismiss Defendant Plano Housing Authority's Original Counterclaim (Dkt. 36) should be GRANTED as to any claims based on Plaintiff's failure to report his change in residence but DENIED as all other claims against him.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE